In the Matter of Timothy Arnold PAT-
TON and Cynthia H. Patton, Debtors.

Bankruptcy No. 85–50112–Mac.

United States Bankruptcy Court,
M.D. Georgia,
Macon Division.

June 5, 1985.

**588**

J.B. Marshall, Macon, Ga., for Lamar Electric Membership Corp.

Claude W. Hicks, Jr., Macon, Ga., for debtors.

J. Coleman Tidwell, Macon, Ga., trustee.

### ORDER

ROBERT F. HERSHNER, Jr., Bankruptcy Judge.

Lamar Electric Membership Corporation, a creditor in Debtors' Chapter 7 bankruptcy case, moves the Court to dismiss Debtors' Chapter 7 case under the provisions of section 109(f) of the Bankruptcy Code, which provides:

> Notwithstanding any other provision of this section, no individual may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—
>
> (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or
>
> (2) the debtor requested and obtained the voluntary dismissal of the

case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

11 U.S.C.A. § 109(f) (West Supp.1985).

The facts are not in dispute. Debtors filed a Chapter 13 case with this Court on January 11, 1984, and their Chapter 13 plan was confirmed by order of March 7, 1984. On January 10, 1985, Debtors filed a voluntary dismissal of their Chapter 13 case, and the Court, by order of January 10, 1985, ordered the case dismissed. On December 11, 1984, prior to the dismissal of Debtors' Chapter 13 case, Lamar Electric Membership Corporation filed a "Motion Seeking Relief from Stay of Proceedings," in which it sought the permission of this Court to terminate electric service to Debtors. By order of January 10, 1985, this Court granted the relief sought by Lamar Electric Membership Corporation, and Lamar Electric Membership Corporation terminated electric service to Debtors.

Lamar Electric Membership Corporation thus obtained all of the relief sought by it in its "Motion Seeking Relief from Stay of Proceedings."

On January 24, 1985, Debtors filed this Chapter 7 bankruptcy case, and the question presented to the Court is whether Debtors are prohibited from filing this Chapter 7 case under the provisions of section 109(f).

Section 109(f) was added to the Bankruptcy Code by the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, 98 Stat. 333 (1984), and is effective to cases filed on or after October 8, 1984. See Pub.L. No. 98–353, Title III, Subtitle K, § 553, 98 Stat. 333, 392 (1984).

Section 109(f) is found in the "Consumer Credit Amendments" section of the Bankruptcy Amendments and Federal Judgeship Act, Pub.L. No. 98–353, Title III, Subtitle A, § 301, 98 Stat. 333, 352 (1984). The legislative history contains the following statement relating to the intent underlying the Consumer Credit Amendments, and thus section 109(f):

The number of consumer bankruptcy cases filed has risen dramatically each year since the bankruptcy code was last amended in 1978. Several witnesses before the Senate Judiciary Committee pointed to these changes in the Code as the principal cause of the increase. The 1978 amendments generally eased a debtor'[s] access to bankruptcy to avoid excessive indebtedness. Title II [sic] contains over 30 substantive amendments to curb abuses of the bankruptcy code and make its use truly a last resort.

An example of the types of reform included in title III is the provision which addresses the subject of repetitive filings. A debtor would not be eligible for bankruptcy relief if a prior case filed by the same debtor had been dismissed within 180 days for failure to appear at a meeting of creditors or for failure to follow orders.

130 Cong.Rec. S8891 (daily ed. June 29, 1984), *reprinted in* 1984 U.S.Code Cong. & Ad.News 590, 597–98 (statements of Sen. Hatch). It is clear that section 109(f) was designed to curb abuses of the bankruptcy system. *See also In re Ellis,* 48 B.R. 178, 12 B.C.D. 1227 (Bankr.E.D.N.Y.1985); Montali, *Preliminary Comments on the Bankruptcy Code Changes Affecting Consumers,* Norton Bankr.L. Advisor, Dec. 1984, at 3.

■ Collier on Bankruptcy states:
[S]ection 109(f) prevents certain tactics on the debtor's part that could be deemed abusive. The debtor who does not appear as required or who disobeys the court's orders and suffers dismissal of the case as a result is explicitly prevented from immediately filing another petition; under such circumstances, instant refiling would thwart the court's effort to preserve its authority. The debtor who obtains dismissal of the case when faced with a motion for relief from the section 362 automatic stay may not immediately refile and thereby frustrate creditors' attempts at having their rights adjudicated within a reasonable period of time.

2 Collier on Bankruptcy ¶ 109.06 (15th ed. 1985). In the Court's opinion, section 109(f)(2) is intended to address the situation in which the debtor files a bankruptcy case to stay a foreclosure, and when the creditor seeks relief from the automatic stay, the case is then voluntarily dismissed by the debtor. The debtor then refiles prior to the creditor's completing his next attempt to foreclose, and through this scheme, the debtor can continually frustrate the creditor's attempts to foreclose.

■ In this case, however, Lamar Electric Membership Corporation obtained all of the relief sought by it in its "Motion Seeking Relief from Stay of Proceedings." There was no prejudice to Lamar Electric Membership Corporation by the voluntary dismissal of Debtors' prior Chapter 13 case,[1] and there is no abusive repetitive filing in the filing of this Chapter 7 case.[2]

Accordingly; it is

ORDERED that the "Motion to Dismiss" filed by Lamar Electric Membership Corporation be and the same is hereby denied; and it is further

ORDERED that this order be entered on the docket on the date set out below.

1. The Court notes that Debtors, in effect, converted their Chapter 13 case to a Chapter 7 case by dismissing the Chapter 13 case on January 10, 1985, and refiling a Chapter 7 case on January 24, 1985. It is clear that section 109(f) would not apply in the event of a conversion.

2. At least one court has questioned the application of section 109(f)(2) to the facts before the Court. In *In re Keziah,* 46 B.R. 551, 12 B.C.D. 887 (Bankr.W.D.N.C.1985), the court stated:

Obviously § 109(f)(2) [sic] presents problems. And the Court would question, but not answer what the result would be under this statute if the request for relief from stay which makes § 109(f)(2) applicable was filed and then withdrawn, denied, or granted and foreclosure completed, prior to a voluntary dismissal and subsequent refiling? Are both the former Debtor and his Creditors still· so barred from refiling?
*Id.,* 46 B.R. 551, 12 B.C.D., at 889.