*190
 
 PER CURIAM.
 

 Earl E. Bigalk appeals pro se from the district court’s
 
 [1]
 
 affirmance of the bankruptcy court’s dismissal of his bankruptcy petition under Chapter 13 of Title 11 of the United States Code. We affirm.
 

 I. BACKGROUND
 

 Prior to the bankruptcy court’s decision in this case, the Federal Land Bank (Bank) had been thwarted in its attempts to foreclose on real property owned by Earl and Arlene Bigalk. As the date of the foreclosure sale became imminent, appellant or his wife would file a Chapter 13 petition in bankruptcy, which they would later dismiss voluntarily. They did this on three separate occasions prior to the petition which is the basis of this appeal.
 
 In re Earl Bigalk (Bigalk I),
 
 Bankruptcy No. 4-85-355 (filed Mar. 1, 1985, three days prior to scheduled sale);
 
 In re Arlene Bigalk (Bigalk II),
 
 Bankruptcy No. 4-85-1797 (filed Sept. 9, 1985, three days prior to scheduled sale);
 
 In re Earl Bigalk (Bigalk III),
 
 Bankruptcy No. 3-86-152 (filed Jan. 21, 1986, two days prior to scheduled sale). On each occasion, the debtor voluntarily dismissed the petition after the Bank had filed a motion for relief from the stay under 11 U.S.C. § 362.
 

 On the third occasion,
 
 Bigalk III,
 
 the petition was voluntarily dismissed on May 8, 1986. The Bank rescheduled the foreclosure proceedings for June 5, 1986. On the morning of June 5, 1986, within two hours of the scheduled foreclosure sales, Arlene Bigalk filed a petition under Chapter 13 for Earl. The Bank immediately filed motions for an expedited hearing and for reduced time for notice, as well as motions to dismiss the debtor’s petition and for relief from the automatic stay. The motions were served personally on Arlene Bigalk. The bankruptcy court agreed to hear the motions immediately, and then dismissed the petition as filed in bad faith.
 

 II. ANALYSIS
 

 In 1984, Congress addressed abuse of the bankruptcy process by enacting what is now 11 U.S.C. § 109(f) (1985 Supplement), which states in pertinent part:
 

 (f) Notwithstanding any other provision of this section, no individual may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—
 

 ******
 

 (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.
 

 In addressing the effect of dismissal, the Bankruptcy Code states:
 

 (a) Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title,
 
 except as provided in section 109(f) of this title.
 

 11 U.S.C. § 349(a) (1985 Supplement) (emphasis added). The language of sections 109(f) and 349(a) is clear. Because it was submitted within 180 days of the voluntary dismissal of the January 21, 1986, Chapter 13 petition, Bigalk’s June 5, 1986, petition should not have been accepted for filing, and the bankruptcy court properly dismissed it.
 

 The district court’s order is affirmed.
 

 [1]
 

 . The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.