**In the Matter of Gerald MILTON Gladys O. Milton, Debtors.**

**FULTON FEDERAL SAVINGS AND LOAN ASSOCIATION, Movant,**

**v.**

**Gerald MILTON, Gladys O. Milton and Barnee C. Baxter, Jr., Trustee, Respondents.**

**Bankruptcy No. 587–00163.**

United States Bankruptcy Court, S.D. Georgia, Waycross Division.

Jan. 15, 1988.

Mark A. Baker, Atlanta, Ga., for plaintiff/movant.

Stephen Jackson, Waycross, Ga., for defendant.

## ORDER ON MOTION FOR RELIEF FROM STAY AND TO CONFIRM FORECLOSURE SALE AND TO AUTHORIZE FILING FORECLOSURE DEED

LAMAR W. DAVIS, Jr., Bankruptcy Judge.

The above-captioned Motion was scheduled and was heard by this Court on November 2, 1987, in Waycross, Georgia. Based on the stipulation entered into by the parties and the arugment of counsel I make the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1) Movant is the holder of a deed to secure debt in which Debtors conveyed certain real property which they owned to the Movant to secure an indebtedness. Debtors filed a previous Chapter 13 case in 1984 and Movant filed Motions for Relief in that prior case on April 17th and July 6, 1987. On July 14, 1987, Debtors moved to dismiss the prior case and this Court entered an Order granting the Motion to Dismiss on July 21, 1987. On August 31, 1987, Debtors refiled this case under Chapter 13 and gave verbal notice to Movant's attorney of the filing of this case. Thereafter, on September 1, 1987, Movant proceeded to conduct a non-judicial foreclosure of the subject property but withheld the recording of its foreclosure deed pending a ruling on its Motion which seeks to void the automatic stay *ab initio* pursuant to 11 U.S.C. Section 109(g)(2).

2) The parties stipulate that this case was filed within 180 days of the dismissal of the preceding case and further stipulate that the dismissal of the previous case occurred after the time of the filing of a request for relief from the automatic stay was made by the Movant. Based on that, the Movant urges this Court to rule that the filing of the within case was void and not simply voidable and as a result that the automatic stay never came into being or if it did that it can be annulled retroactively so as to validate the foreclosure sale conducted on September 1, 1987.

3) The parties further stipulate that an agreement was reached between counsel for the Debtor and counsel for the Movant in the previous case as to how the Motions for Relief pending in that case could be resolved satisfactorily to both parties. They further stipulate that following their agreement some problems arose in communicating the terms of that agreement to the Chapter 13 Trustee and getting the assistance and cooperation of the Chapter 13 Trustee in consummating the agreement that had been entered into.

4) The problem apparently arose because in the previous case duplicate claims numbered 12 and 20 were filed on behalf of the Movant and the Movant was receiving disbursements from the Chapter 13 Trustee as to both claims. Since the claims were duplicates and represented the same indebtedness, the Debtor had overpaid the Movant in the previous case and was due a refund. The agreement between the parties was that the duplicate claim would be eliminated, that the Debtors would continue to make their regular payments direct

to the Movant rather than through the Trustee, and would make certain additional payments to the Movant in an effort to catch up any arrearages which remained.

5) It was further stipulated that the agreement was not reduced to writing between the parties. Debtors' counsel was of the opinion that once the stay relief matter was resolved as hereinabove set forth that Debtors would be permitted to make the payments called for whether they continued to be debtors in a Chapter 13 case or whether the case was dismissed. Movant's counsel was of the belief that the stipulation entered into between the parties was that Debtors would remain debtors in a Chapter 13 proceeding. Accordingly, when Debtors' case was dismissed, Movant's counsel believed in good faith that the stipulation entered into between the parties had been violated whereas Debtors' counsel in good faith believed that it had not.

6) Following dismissal of the previous case Movant apparently began its non-judicial foreclosure proceeding in Ware County and insofar as the record demonstrates complied with the provisions of Georgia Law with reference thereto. At least in part to prevent the foreclosure from being consummated, this Chapter 13 case was filed and Debtors' counsel has represented to the Court that Debtors have been making payments to him sufficient to fund the Debtors' ongoing obligation to the Movant which funds are being held by Debtors' counsel in his escrow account.

### CONCLUSIONS OF LAW

Movant's position is based on 11 U.S.C. Section 109(g) which provides in relevant part:

"(g) Notwithstanding any other provision of this section, no individual ... may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

(2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title."

There has been a split of authority between bankruptcy cases interpreting the provisions of (g)(2) as to whether a good faith standard should be written into the statutory language by the courts in determining whether the debtor's dismissal of the previous case and refiling of a subsequent case was in bad faith and so abusive as to prevent the second case from proceeding, or whether such a good faith standard is simply not permitted and the mechanical 180 day rule must be applied without regard to the reasons for the dismissal. See discussion in *In re Keziah*, 46 B.R. 551, 12 C.B.C. 2d 101, 105–06 (Bankr.W.D.N.C. 1985).

I have previously ruled that an absolute mechanical application of the rule of Section 109(g)(2) should not be applied in all instances, although I have not gone so far as to rule that the debtor must be shown to have acted in bad faith. See *In re Murray*, No. 486–00325, (Bankr.S.D.Ga. August 21, 1986). (When the motion for relief from stay in the previously pending case was filed but not properly served and as a result thereof the debtor had no knowledge of the pendency of such a motion at the time he obtained the dismissal of the previous case, then the Congressional purpose to be served by passage of Section 109 is, in fact, not being served by dismissal of the subsequent case and the second case could proceed.)

From the facts before me it seems clear that the parties in good faith believed they had settled and resolved the issues raised by both of the previous motions for relief from stay. Because a difference of opinion arose as to the meaning and the requirements of that agreement, the settlement later broke down. Nevertheless, because the parties had resolved the issues raised by the previous motions for relief from stay prior to the time that the dismissal occurred, I deem the pendency of those motions to be irrelevant to the question before me. Even though those motions had not been dismissed or withdrawn of record, in consideration of the equities, they should be deemed moot.

Thus, the Debtors' subsequent dismissal and refiling of this Chapter 13 case does not violate the provisions of 11 U.S.C. Section 109(g) because as of the date of the refiling there was, legally speaking, no pending motion for relief from stay that was unresolved in the previously filed and dismissed Chapter 13 case. See *In re Patton,* 49 B.R. 587 (Bankr.M.D.Ga.1985).

### ORDER

Pursuant to the foregoing Findings of Fact and Conclusions of Law IT IS THE ORDER OF THIS COURT that the Motion of Fulton Federal Savings and Loan Association is denied.