In re Lisa Woodard JONES, Debtor.

**ECONOMY MOTORS, INC., Plaintiff,**

v.

**Lisa Woodard JONES, Defendant.**

**Bankruptcy No. LR 88–1495M.
CMS No. 88–1537M.**

United States Bankruptcy Court,
E.D. Arkansas, W.D.

Jan. 9, 1989.

Larry Hartsfield, Little Rock, Ark., for plaintiff.

Charles S. Embry, Jr., Little Rock, Ark., for debtor.

A.L. Tenney, Little Rock, Ark., Trustee.

### MEMORANDUM OPINION

JAMES G. MIXON, Bankruptcy Judge.

On July 26, 1988, Lisa Woodard Jones filed a voluntary petition for relief under the provisions of chapter 13 of the United States Bankruptcy Code. On September 7, 1988, Economy Motors, Inc. (Economy Motors) filed a motion to dismiss and motion for relief from the automatic stay. The parties submitted written stipulations of fact and briefs, and the Court took the case under advisement.

The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G). The Court has jurisdiction to enter a final judgment in the case. The following shall constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

The stipulated facts are as follows:

1. On April 18, 1986 Stan Jones and Lisa Jones, a/k/a Lisa Woodard Jones, filed a petition for relief pursuant to Chapter 13 of the Bankruptcy Act, being Case No. LR86–694F.

2. On September 8, 1986 Guy Jones, Jr., Esq., filed a Motion for Relief From Stay Order in said case being CMS86–2145.

3. On December 18, 1986 the Motion for Relief From Stay Order filed by Guy Jones, Jr., Esq. was denied.

4. On March 28, 1988 Stan Jones and Lisa Jones filed their voluntary Motion to Dismiss Without Prejudice.

5. On March 29, 1988 the Motion to Dismiss Without Prejudice was granted.

6. On July 26, 1988 Lisa Woodard Jones, a/k/a Lisa Jones, filed a Petition for Relief pursuant to Chapter 13 of the Bankruptcy Code.

7. On September 7, 1988 Economy Motors, Inc. filed its Motion to Dismiss and Motion for Relief From Stay.

8. In Case No. 88–1495(M), being the Chapter 13 Petition filed by Lisa Woodard Jones on July 26, 1988 Economy Motors, Inc. [sic] There are sixteen (16) creditors on the schedule of debts, the only priority creditor being the Department of Finance and Administration having a priority claim in the amount of $108.00, Economy Motors, Inc. being the only secured creditor having a claim of $4,215.90 which is secured by a 1984 LaBaron having a value of $5,000.00. Upon the filing of a timely Proof of Claim as a Secured Creditor, Economy Motors, Inc. was to retain the lien securing their claim and be paid their claim or the value of their collateral, whichever is

less together with interest at the rate of ten percent (10%) per annum.

9. On August 15, 1988 Economy Motors, Inc. filed its Proof of Claim as a secured creditor in the sum of $3,923.69 claiming a lien on a 1984 LaBaron.

Economy Motors argues that 11 U.S.C. § 109(g)(2) requires the dismissal of this case because the debtor's previous petition was dismissed on the debtor's motion and a motion for relief from the automatic stay had been filed in the earlier case.[1]

11 U.S.C. § 109(g)(2) provides:

(g) Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

. . . .

(2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

Economy Motors' argument is without merit. Section 109(g)(2) applies only if there is a contested matter pending at the time of the voluntary dismissal. *Fulton Federal Sav. & Loan Ass'n v. Milton (In re Milton)*, 82 B.R. 637, 640 (Bankr.S.D.Ga. 1988); *In re Patton*, 49 B.R. 587, 589 (Bankr.M.D.Ga.1985). To construe the statute as argued by Economy Motors would produce absurd results.

No other grounds for relief from the automatic stay were argued; therefore, the motion for relief from the automatic stay and the motion to dismiss are denied. A separate judgment will be entered pursuant to Bankruptcy Rule 9021.

---

1. The motion for relief from the automatic stay    was denied on December 18, 1986.