122 B.R. 575 (1991)
In re Maria Cristina LUNA, Debtor.
HOME SAVINGS OF AMERICA, F.A. and Serrano Reconveyance Co., Appellants,
v.
Maria Cristina LUNA, Appellee.
BAP No. CC-90-1221-JOV, Bankruptcy No. SBX-89-08775-MG.
United States Bankruptcy Appellate Panel of the Ninth Circuit.
Argued and Submitted October 19, 1990.
Decided January 17, 1991.
*576 Hal M. Marzell, Pasadena, Cal., for appellants Home Sav. of America & Serrano Reconveyance Co.
Raymond Kelley, San Bernardino, Cal., for appellee Maria Cristina Luna.
Before JONES, OLLASON and VOLINN, Bankruptcy Judges.

OPINION
JONES, Bankruptcy Judge:

I.

OVERVIEW
Home Savings of America, F.A., appeals a bankruptcy court order denying its motion to dismiss Maria Luna's Chapter 13 case. Home Savings argues that the order should be reversed because Luna's Chapter 13 case was filed in violation of 11 U.S.C. § 109(g)(2) (1988), which prohibits repeat bankruptcy filings in certain circumstances. We affirm.

II.

FACTS
On August 10, 1988, Luna filed a petition for relief under Chapter 13 of the Bankruptcy Code. On June 27, 1989, Home Savings, a creditor holding a first deed of trust on Luna's home, filed a motion for relief from the automatic stay.
On August 15, 1989, the bankruptcy court entered its order granting Home Savings relief from the stay. In the order, the bankruptcy court stated that Home Savings' publication of a foreclosure sale could not commence until Home Savings had provided Luna "with a statement as to the funds necessary to both reinstate and pay off [the] loan on [Luna's home]."
On August 30, 1989, Luna filed a motion to voluntarily dismiss her pending Chapter 13 case. On September 1, 1989, the bankruptcy court, per Luna's voluntary request, entered its order dismissing Luna's Chapter 13 case. Thereafter, a dispute arose as to whether Home Savings had provided Luna with the court required loan demand, Luna contending with some justification that she had not been furnished with such a statement.
On October 5, 1989, Luna filed a second Chapter 13 petition. Home Savings then, with specific knowledge of the filing of the second petition and with knowledge of an offer by Luna of $10,000 for the cancellation of the foreclosure sale, authorized its agent to proceed with the foreclosure sale, which occurred on October 26, 1989.
Luna subsequently filed an objection to the foreclosure sale on the ground that the sale violated the automatic stay imposed by Luna's second Chapter 13 petition. Home Savings responded by filing a motion to dismiss the second petition on the ground that it violated section 109(g)(2)'s provision against repeat bankruptcy filings.
After a hearing on the dispute, the bankruptcy court concluded that Home Savings' motion should be denied because section 109(g)(2) was "inapplicable" to Luna's second bankruptcy petition. Home Savings timely appealed.

III.

STANDARD OF REVIEW
Resolution of this appeal requires us to review a conclusion of law. Accordingly, the issue presented in this appeal, whether the bankruptcy court properly applied § 109(g)(2), is subject to de novo review. Trustees of Amalgamated Ins. Fund v. Geltman Industries, 784 F.2d 926, 929 (9th Cir.1986) (statutory interpretation is a question of law reviewed de novo).

*577 IV.

DISCUSSION
Section 109(g)(2) provides:
no individual . . . may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if . . . the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.
There are two lines of cases interpreting section 109(g)(2)'s language. One line of cases holds that the application of section 109(g)(2) is mandatory. See generally Smith v. First Fed. Sav. & Loan Ass'n (In re Smith), 58 B.R. 603, 605 (W.D.Pa.1986); In re Denson, 56 B.R. 543, 546 (Bankr.N.D. Ala.1986).
The other line of cases holds that the application of section 109(g)(2) is discretionary. See generally Economy Motors, Inc. v. Jones (In re Jones), 99 B.R. 412, 413 (Bankr.E.D.Ark.1989); Fulton Fed. Sav. & Loan Ass'n v. Milton (In re Milton), 82 B.R. 637, 639 (Bankr.S.D.Ga.1988).
We decline to follow the line of authority which requires mandatory application of section 109(g)(2). Mechanical application of section 109(g)(2) would reward Home Savings for acting in bad faith and punish Luna for acting in good faith. Accordingly, because "[l]egislative enactments should never be construed as establishing statutory schemes that are illogical, unjust, or capricious", we conclude that the bankruptcy court properly declined to apply section 109(g)(2) to Luna's second bankruptcy petition. Bechtel Constr., Inc. v. United Bhd. of Carpenters & Joiners of America, 812 F.2d 1220, 1225 (9th Cir. 1987).

V.

CONCLUSION
Because the mandatory application of section 109(g)(2) to Luna's second bankruptcy petition would have produced an illogical and unjust result, we conclude that the bankruptcy court properly exercised its discretion when it declined to dismiss Luna's second bankruptcy petition. Accordingly, we affirm the bankruptcy court's decision to deny Home Savings' motion to dismiss.