### In re Vicki COPMAN, Debtor.

### Bankruptcy No. 93–44626–399.

United States Bankruptcy Court, E.D. Missouri.

Dec. 17, 1993.

---

Mark D. Farrell, St. Louis, MO, for creditor.

John V. LaBarge, Jr., Chapter 13 Trustee, St. Louis, MO.

John C. Caraker, St. Louis, MO, for debtor.

Office of the U.S. Trustee, St. Louis, MO.

## MEMORANDUM OPINION AND ORDER

BARRY S. SCHERMER, Bankruptcy Judge.

### INTRODUCTION

This opinion presents the Court's position on Section 109(g)(2) in light of the divergence of bankruptcy court opinions on the issue of successive Chapter 13 filings.

### JURISDICTION

This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, 1334 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. The parties have stipulated that this is a "core proceeding" which the Court may hear and enter appropriate judgments pursuant to 28 U.S.C. § 157(b)(2).

### FACTS

On October 7, 1992 Vicki Copman ("Debtor") filed her petition (the "1992 case") for Chapter 13 relief under Title 11 of the United States Code (the Bankruptcy "Code"). 11 U.S.C. § 101 *et seq.* During the 1992 case, two secured creditors sought and obtained relief from the automatic stay under § 362(d) of the Code. Southwestern Bell Telephone ("SWB"), the creditor at issue in this opinion, was listed as a creditor in the 1992 case, but did not file a motion for relief from the stay.

Debtor pursued her Chapter 13 case until early 1993 when she exercised her absolute right to dismiss the case under § 1307(b). This Court sustained the Debtor's Motion to Dismiss and entered an order dismissing the case on April 28, 1993. Unfortunately, as is often the case, § 1307(b) acted as a revolving door instead of an exit from the world of bankruptcy.

On September 1, 1993, Vicki Copman again sought Chapter 13 relief (the "1993 case"). SWB objected to the filing and moved to dismiss the 1993 case contending that Ms. Copman does not meet the § 109(g)(2) standard for who may be a Chapter 13 debtor under the Code. Specifically, SWB asserts that Ms. Copman is ineligible because she was a Chapter 13 debtor within 180 days from the date of the 1993 case, she voluntarily dismissed the 1992 case, and that dismissal came after the filing of a motion for relief from stay.

Ms. Copman does not dispute these allegations, but instead points to several bankruptcy court interpretations of § 109(g)(2) which would permit her to be a debtor in the 1993 case.

### DISCUSSION

Section 109(g)(2), while seemingly unambiguous, is subject to several interpretations. By examining the interpretations of § 109 by courts who have heard this issue, the language of the statute, and the Eighth Circuit's guidance on § 109 generally, this Court can glean an approach to § 109 which follows the command of the statute and the dictates of the Eighth Circuit.

## A. Section 109(g)(2) and cases in other jurisdictions

The text of § 109(g)(2) reads:

Notwithstanding any other provision of this section, no individual or family farmer maybe a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

(2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

These words have produced a considerable body of law in other jurisdictions. Several courts focus on whether the motion for relief from stay was *pending* at the time of the voluntary dismissal. Under this reading, if the request for relief were, for example, withdrawn before the debtor moved to dismiss the case, then § 109(g)(2) would not apply. *See e.g. In re Patton,* 49 B.R. 587 (Bankr.M.D.Ga.1985) (§ 109(g)(2) does not apply when creditor seeking relief in the first case received the requested relief); *In re Milton,* 82 B.R. 637 (Bankr.S.D.Ga.1988) (§ 109(g)(2) does not apply when there was no unresolved motion for relief pending at the time when the debtor sought dismissal).

Other bankruptcy courts apply a literal construction of § 109(g)(2) and hold that the Court has no discretion as to its application. In *In re Tooke,* 133 B.R. 661, 663 (Bankr. M.D.Fla.1991), the court refused to examine the debtor's motives in dismissing the prior case and similarly did not investigate the identity of the creditor seeking relief. Such a mechanical application was also employed in *In re Keziah,* 46 B.R. 551 (Bankr. W.D.N.C.1985); and *In re Smith,* 58 B.R. 603 (W.D.Pa.1986).

The antithesis of the mechanical approach is found in such cases as *In re Santana,* 110 B.R. 819 (Bankr.W.D.Mich.1990). Finding that the mechanical application of § 109(g)(2) would yield an absurd result contrary to the intent of Congress, the *Santana* court investigated the Congressional purpose for drafting § 109(g)(2). Relying on the Congressional intent, the court limited § 109(g)(2) to the scope of abuse which Congress attempted to remedy, namely, situations where a debtor uses dismissal and subsequent refiling to string along a foreclosing creditor. *Id.* at 821.

Since Congress intended § 109(g)(2) to curb abuse of § 1307(b), which grants Chapter 13 debtors an absolute right to dismiss, the court chose to employ a discretionary standard for § 109(g)(2). *Id.* Factors relevant to the *Santana* court's inquiry include: evidence of an intent to forestall the creditor seeking dismissal, the existence of prior requests for relief by the petitioning creditor, and any prejudicial effect of the prior dismissal. *Id.* at 821–822. This discretionary application is also used in the 9th Circuit, *see In re Luna,* 122 B.R. 575 (9th Cir.BAP 1991), and in other bankruptcy courts, *see e.g. In re Jones,* 99 B.R. 412 (Bankr.E.D.Ark.1989).

## B. Plain language and the Eighth Circuit

■ While the reasoning in the *Santana* case is persuasive, this Court will not ignore the plain language of the statute. Section 109(g)(2) applies if "the debtor *requested* and *obtained* the voluntary dismissal of the case *following* the filing of a request for relief ..." (emphasis added). The word "following" in the statute requires some relationship between the timing of the § 362 request and the voluntary dismissal. Furthermore, by requiring that the debtor both "request" and "obtain" the dismissal after the request for relief, the statute requires a causal connection such that the request for relief triggers the dismissal. Had the statute been written to curb successive dismissals generally, it would not have been so specific in requiring that both the request and the granting of dismissal follow the § 362 request. The plain language of § 109(g)(2) thus applies when the request for relief from stay results in the debtor requesting and obtaining a voluntary dismissal of the bankruptcy proceeding.

The potential abusive effect of § 1307(b) is the constant invocation of the automatic stay to prevent foreclosure or repossession when the creditor readily meets the § 362(d) standards for relief from the stay. Therefore, by

requiring that the request for relief result in dismissal, this Court is faithful to the plain meaning of the statutory language and its purpose without having to delve into the nebulous Congressional testimony and legislative history.

Furthermore, this reading is supported by the Eighth Circuit's opinion in *In re Bigalk*, 813 F.2d 189 (8th Cir.1987) (per curiam). In that case, the debtors filed a Chapter 13 petition on the eve of foreclosure on four separate occasions. *Id.* at 190. In each of the three prior bankruptcies, the debtors voluntarily dismissed their case when the foreclosing creditor filed for relief from the automatic stay. *Id.* On these facts, the Circuit Court held that the plain language of § 109(g)(2) mandated dismissal and thus affirmed the bankruptcy court's dismissal order. *Id.*

#### C. *Section 109(g)(2) and this Case*

■ Dismissal is not warranted in the case at bar. Based upon the plain language of § 109(g)(2) and its straight-forward application in this Circuit, it is clear that dismissal is inappropriate. Here there is no connection between the dismissal of the 1992 case and the request for relief. Indeed in the 1992 case neither of the two requests for relief were filed by SWB and, in both of the requests, the Debtor surrendered the property at issue. The last request for relief was filed over three months prior to the voluntary dismissal. Given these facts there can be no argument that the requests for relief resulted in the Debtor seeking dismissal. Dismissal under § 109(g)(2) is inappropriate. It is therefore

ORDERED that Southwestern Bell Telephone's Motion to Dismiss is DENIED.