**In re Michael S. BATES, Debtor.**

**Bankruptcy No. 99–01314–BGC–13.**

United States Bankruptcy Court,
N.D. Alabama,
Southern Division.

July 13, 1999.

are all one and the same to generate a fund to pay creditors in this case.

Cheryl Daugherty, Birmingham, AL, for debtor.

William Brower, Birmingham, AL, for Jim Walter Homes, trustee.

## ORDER

BENJAMIN COHEN, Bankruptcy Judge.

This matter came before the Court on a *Motion to Dismiss and Objection to Confirmation* filed on March 5, 1999, by Jim Walter Homes. After notice, a hearing was held on May 17, 1999. Michael S. Bates, the debtor; Cheryl Daugherty, the attorney for the debtor; William Brower, the attorney for Jim Walter Homes; and Sims Crawford, the attorney for the Chapter 13 Trustee, appeared. The matter was submitted on the testimony of the debtor, the arguments of counsel and the pleadings.

The movant is a secured creditor on the debtor's home. The undisputed evidence is that the balance due on the mortgage in favor of the movant is approximately $27,-000.00 and that the value of the home is approximately $40,000.00.[1] At the time of the hearing the debtor was in arrears on his mortgage payment by approximately $1,100.00.

## I. Background

The current case is the debtor's sixth Chapter 13 case. The five prior cases were filed from 1986 to 1995. All were filed as Chapter 13 cases, but one was converted to Chapter 7 and a discharge was entered.

The case immediately prior to the current case was dismissed on the debtor's motion after the movant filed a motion for relief from the stay.

The debtor is currently employed and has disposable income of approximately $350.00 per month, after deducting his monthly mortgage payment to the movant.

The debtor has recently incurred significant medical bills that remain unpaid by insurance.

## II. Issues

There are two issues before the Court. One, where the debtor requested and obtained the voluntary dismissal of his prior case, following the filing of a motion for relief from stay in that case, was the debtor prohibited, pursuant to 11 U.S.C. § 109(g)(2), from filing the current case? Two, if the current case is allowed, should the debtor's proposed plan be confirmed?

## III. Discussion

### A. Jim Walter Homes' *Motion to Dismiss* and Section 109(g)(2)

Jim Walter Homes seeks dismissal of the current case because the debtor's prior

---

1. At the time of the hearing, the debtor admitted that the home was uninsured. Shortly after the hearing the Court entered an order that allowed the movant relief from the stay if the debtor did not obtain adequate insurance by a certain date. Based on the representation of the movant's attorney subsequent to that order, the debtor has obtained satisfactory insurance.

case was dismissed on the debtor's voluntary motion to dismiss after Jim Walter Homes filed a motion for relief from the stay. Jim Walter Homes contends that section 109(g)(2) of the Bankruptcy Code requires this Court to dismiss the current case pursuant to section 109(g)(2). Under the facts suggested, Jim Walter Homes argues that operation of section 109(g)(2) would have prohibited the debtor from filing a case within 180 days of dismissal of the prior case.

Section 109(g)(2) of the bankruptcy code provides:

(g) Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

(2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

11 U.S.C. § 109(g)(2).

For the reasons expressed below, this Court finds that section 109(g)(2) does not apply to this matter because the debtor's immediately prior case was dismissed in error and that pursuant to section 1328(a) of the Bankruptcy Code, the debtor should have been granted a discharge for his completion of the Chapter 13 plan in that case.[2]

Section 1328(a) of the Bankruptcy Code provides that, "[a]s soon as practicable after completion by the debtor of all payments under the plan ... the court shall grant the debtor a discharge...." 11 U.S.C. § 1328(a). The Chapter 13 trustee's records in debtor's case no. 95–03110 (the case immediately prior to the current case and the case that included the actions the movant now contends give reason for application of section 109(g)(2)) demonstrate that as of February 8, 1999, the debtor had paid all of his listed creditors and that he had, in fact, an overpayment to the Chapter 13 trustee of $140.32. Consequently the debtor was then entitled to a discharge in that case, a discharge that

---

**2.** If section 109(g)(2) applied to this matter, there would be an issue of how to apply that section. The court in *Chrysler Financial Corp. v. Dickerson (In re Dickerson)*, 209 B.R. 703, 705–706 (W.D.Tenn.) explains:

> Although seemingly unambiguous on its face, there are at least three distinct lines of cases interpreting this statute. **One line of cases holds that the language of § 109(g)(2) is mandatory**—i.e., a court must dismiss a bankruptcy petition if the debtor was a debtor in another bankruptcy case within the preceding 180 days and the debtor requested and obtained a voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by § 362. E.g., *In re Bigalk*, 813 F.2d 189, 190 (8th Cir.1987); *In re Tooke*, 133 B.R. 661, 663 (Bankr.M.D.Fla.1991); *In re Denson*, 56 B.R. 543, 546 (Bankr. N.D.Ala.1986); *In re Keziah*, 46 B.R. 551, 554 (Bankr.W.D.N.C.1985). **A second line of cases appears to suggest that, although § 109(g)(2) is mandatory, § 109(g)(2) applies only if the motion for relief from stay was pending at the time of the voluntary dismissal.** E.g., *In re Milton*, 82 B.R. 637 (Bankr.S.D.Ga.1988) (holding that § 109(g)(2) does not apply when there was no unresolved motion pending at the time when the debtor sought dismissal); *In re Jones*, 99 B.R. 412 (Bankr.E.D.Ark.1989) (holding that § 109(g)(2) "applies only if there is a contested matter pending at the time of the voluntary dismissal"); *In re Patton*, 49 B.R. 587 (Bankr.M.D.Ga.1985) (holding that § 109(g)(2) does not apply when the creditor seeking relief in the first case received the requested relief). **A third line of cases holds that a court has discretion in deciding whether to dismiss under § 109(g)(2).** E.g., *In re Luna*, 122 B.R. 575, 577 (9th Cir. BAP 1991) (holding that § 109(g)(2) is discretionary and does not apply if mechanical application would lead to unwarranted results); *In re Copman*, 161 B.R. 821, 823–24 (Bankr.E.D.Mo.1993) (requiring a causal connection between the request for relief from stay and the voluntary dismissal); *In re Hamm*, 157 B.R. 137, 140 (Bankr.E.D.Mo.1993); *In re Santana*, 110 B.R. 819, 821–22 (Bankr.W.D.Mich. 1990).

*Id.* (emphasis added).

could have, and should have, been entered at that time and that the case then be closed.[3]

For whatever reason, the above events did not occur. About a month later the debtor requested that his case be dismissed. Shortly thereafter he consented to relief from stay for the movant. This Court granted the motion to dismiss and accepted the consent to relief and on March 8, 1999, entered orders allowing both. These orders must be vacated.[4]

■ Because the debtor was entitled to a discharge before the debtor asked for dismissal of his case, before the debtor consented to relief from the stay in favor of the movant, and before the case was dismissed, the Court finds that the order dismissing the case and the order granting relief from the stay were entered in error and should be set aside, and a discharge should be granted to the debtor in case no. 95–03110. Consequently, section 109(g)(2) does not apply to the matters before the Court and any relief requested by the movant pursuant to section 109 is due to be denied.

### B. Jim Walter Homes' Objection to Confirmation

■ Jim Walter Homes objects to confirmation of the pending plan of reorganization contending that the case was not filed in good faith.

This Court considered the issue of good faith in conjunction with confirmation of a Chapter 13 plan in *In re Todd*, 181 B.R.

3. This Court is certainly aware that not all discharges can be entered at the exact instances that the law allows, and rarely does the "as soon as practicable" provision of section 1328 affect the substantive rights of debtors or creditors. But when a delay does effect those substantive rights, corrective measures must be taken.

4. Because the plan payments were completed and a discharge was due to be entered, this Court had no basis to accept the consent to relief from stay or to grant the debtor's motion to dismiss his case.

5. The *Kitchens* factors to be considered in determining whether a petition was filed in good faith are:

997 (Bankr.N.D.Ala.1995) and *In re Green*, 214 B.R. 503 (Bankr.N.D.Ala.1997). In those cases this Court applied the standard and factors established by the Court of Appeals for the Eleventh Circuit for making a determination of good faith in a Chapter 13 case.

■ The standard is best described by the court in *In re Armwood*, 175 B.R. 779, 784 (Bankr.N.D.Ga.1994) as:

Section 1325(a) of the Bankruptcy Code sets forth a good faith requirement in Chapter 13. Bankruptcy courts have a duty to preserve the bankruptcy process for its intended purpose and may dismiss a Chapter 13 case which is filed in bad faith. *Shell Oil Co. v. Waldron*, 785 F.2d 936 (11th Cir.1986). **The standard for determining whether a petition is filed in good faith is a "totality of the circumstances" test.** *Johnson v. Home State Bank*, 501 U.S. 78, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991); *Jim Walter Homes, Inc. v. Saylors*, 869 F.2d 1434 (11th Cir.1989); *Kitchens v. Georgia Railroad Bank and Trust Co.*, 702 F.2d 885 (11th Cir.1983).

*Id.* (emphasis added).

■ The criteria to be considered in applying that standard are found in *Kitchens v. Georgia Railroad Bank and Trust Co.*, 702 F.2d 885 (11th Cir.1983). This Court has considered those factors and has applied them to the pending matters.[5]

1. The amount of the debtor's income from all sources;
2. The living expenses of the debtor and his dependents;
3. The amount of attorney's fees;
4. The probable or expected duration of the debtor's Chapter 13 plan;
5. The motivations and sincerity of the debtor in seeking relief under the provisions of Chapter 13;
6. The debtor's degree of effort;
7. The debtor's ability to earn and the likelihood of fluctuation in earnings;
8. Special circumstances such as inordinate medical expenses;
9. The frequency with which the debtor has sought relief under the Bankruptcy Reform Act and its predecessors;

And for the reasons expressed below, the Court finds that the totality of the circumstances demonstrate that the instant case was filed in good faith.

The evidence before the Court is not disputed. Including the present case, the debtor has filed six Chapter 13 cases in this Court.[6] While appearing to be abusive, an analysis of these cases supports the debtor's contention that the current case was filed in good faith.[7]

The debtor filed case no. 86–02246 on March 3, 1986. In that case the debtor paid $2,567.42 of the $2,794.68 in filed claims. When that case was dismissed on June 9, 1988, the debtor had a balance due of $283.61.

The debtor filed case no. 88–05520 on June 9, 1988. In that case the debtor paid $3,329.00 of the $5,423.83 in filed claims. When that case was dismissed on August 17, 1990, the debtor had a balance due of $2,161.34.

The debtor filed case no. 92–05857 on August 7, 1992. In that case the debtor completed his plan by paying the $5,798.52 in filed claims. The debtor was granted a discharge.

The debtor filed case no. 95–03110 on May 5, 1995. As explained above, in that case the debtor completed his plan by paying the $5,541.01 in filed claims. The

debtor should have been granted a discharge in that case.

Jim Walter Homes objects to confirmation of the plan proposed in the current case and contends that the debtor's prior conduct demonstrates bad faith and that the latest filing is an abuse of the bankruptcy laws. Jim Walter Homes argues that, "This case was filed solely to harass and impede the Movant in enforcing their rights to foreclose the mortgage under the laws of the state of Alabama."

The debtor disagrees and offers that he asked for the prior case dismissal, and filed the current case, to accommodate medical debts associated with his wife's illness, eventual death, and the debts associated with his teenage daughter's similar illness.

The parties agree that the debtor was to have paid his mortgage payments direct to Jim Walter Homes during the pendency of the prior case. The parties agree that the debtor failed to make all of those payments. And the debtor admits that this deficiency also influenced his decision to dismiss the last case and file the current one.

This Court has considered the factors listed in *In re Kitchens*. If for no other reason, this Court must find that the "mo-

---

10. The circumstances under which the debtor has contracted debts and has demonstrated bona fides, or lack thereof, in dealings with creditors;

11. The burden which the plan's administration would place on the Trustee;

12. The extent to which claims are modified and the extent of preferential treatment among classes of creditors;

13. Substantiality of repayment to the unsecured creditors;

14. Consideration of the type of debt to be discharged and whether such debt would be nondischargeable under Chapter 7;

15. The accuracy of the plan's statements of debts and expenses and whether any inaccuracies are an attempt to mislead the court; and

16. Other factors or exceptional circumstances.

See *Kitchens*, 702 F.2d 885.

6. In *In re Green*, 214 B.R. 503 (Bkrtcy. N.D.Ala.1997), this Court recognized, "In the event of serial petitions, to avoid dismissal on the grounds of bad faith, a debtor usually should be able to show a change in circumstances between the two filings." *Id.* at 506 n. 9 (quoting *In re Armwood*, 175 B.R. 779 (Bankr.N.D.Ga.1994)), (citing *In re Jones*, 105 B.R. 1007 (N.D.Ala.1989)). In this case the debtor's significant medical bills from his wife's and daughter's illnesses have changed his circumstances considerably.

7. Case no. 92–05857 was originally filed as a Chapter 13 case but was converted to Chapter 7 and a discharge was entered.

tivations and sincerity of the debtor in seeking relief under the provisions of Chapter 13" are genuine.[8] The debtor has filed prior cases but in all but one he paid the majority, if not all, of the filed claims. Currently, the debtor's personal situation requires understanding. His wife has died. He and his daughter, who according to the debtor's testimony has the same illness that caused his wife's death, live in the house securing Jim Walter Homes' interests. While the debtor is behind on his payments on that mortgage, he has demonstrated in his prior case that given the opportunity, he will pay his debts through a confirmed Chapter 13 plan.[9] The "totality of the circumstances" demonstrate that this case was filed in good faith.

Based on the evidence before the Court, in the form of the debtor's testimony and the records of this Court, and in reliance on the reasoning and law presented in *In re Todd*, 181 B.R. 997 (Bankr.N.D.Ala. 1995) and in *In re Green*, 214 B.R. 503 (Bankr.N.D.Ala.1997), the Court finds that the criteria of section 1325 of the Bankruptcy Code have been satisfied.[10] The debtor's proposed plan is due to be confirmed and the objection to confirmation is due to be overruled.

It is therefore **ORDERED, AD-JUDGED and DECREED** that:

1. The order dismissing case no. 95–03110 is **SET ASIDE;**

2. The order granting the motion for relief from stay (filed by Jim Walter Homes) in case no. 95–03110 is **SET ASIDE;**

3. A discharge shall be granted to the debtor in case no. 95–03110 for his successful completion of all payments under his confirmed plan;

4. Jim Walter Homes' *Motion to Dismiss* in the pending case is **DENIED;** and

5. Jim Walter Homes' *Objection to Confirmation* in the pending case is **OVERRULED.**

---

8. In discussing the factors to consider in determining good faith, the Court of Appeals for the Eleventh Circuit does not suggest that one factor outweighs any other or that the bankruptcy courts should create a tally sheet to arrive at a majority rules result. And in *In re Saylors*, 869 F.2d 1434 (11th Cir.1989) the court implied that the satisfaction of only one factor was sufficient for a bankruptcy court to find good faith. Judge Robert S. Vance, writing for the court, said:
   In *In re Kitchens*, 702 F.2d 885, 888–89 (11th Cir.1983), we enumerated a nonexclusive list of factors that a bankruptcy court should consider in making a determination of good faith. In the present case, the bankruptcy court expressly plan in good faith. The court found that at least one of the factors favoring a conclusion of good faith was present—Saylor's monthly income had increased between the filing of his chapter 7 petition and the filing of his chapter 13 petition. While the two factors noted by the district court also were of concern, their appropriate weight largely dependent on the credibility of the debtor. The bankruptcy court was in the best position to judge this credibility. The record does not support a holding that the bankruptcy court's finding was clearly erroneous.

*Id.* at 1438. Because a "bankruptcy court's determination whether a chapter 13 plan has been proposed in good faith is a finding of fact ..." *id.*, this Court considered not only the factors Judge Vance described, but also the many factors which all courts must consider in evaluating the facts before them. See *In re Todd* at 1002 n. 12.

9. In *In re Fawcett*, 758 F.2d 588 (11th Cir. 1985) Judge Thomas A. Clark, writing for the court, said, "As noted by the Second Circuit in *In re Johnson*, 708 F.2d 865 (2d Cir.1983): 'Good faith,' while not defined by statute or legislative history, ... certainly does, however, require 'honesty of intention,' ... in the sense of focusing on the debtor's conduct in the submission, approval and implementation of a Chapter 13 bankruptcy plan. *Id.* at 868 (citations omitted) (emphasis added)." *Id.* at 590–91.

10. Based on the debtor's testimony and the petition filed in this case, the Court finds that the plan as proposed is feasible. The debtor has sufficient disposable income to fund his plan and can pay the debts listed within the time proposed.

A separate confirmation order will be entered in this case.