**In re Ammie L. DENSON, Debtor.**

**Bankruptcy No. 85–7238(13).**

United States Bankruptcy Court,
N.D. Alabama.

Jan. 6, 1986.

**544**

P. Long, Anniston, Ala., for debtor.

Charles E. Isom, Anniston, Ala., for creditor-movant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

L. CHANDLER WATSON, Jr., Bankruptcy Judge.

*Introduction —*

The above-styled case was commenced in, and is pending before, this Court under title 11, chapter 13, United States Code, having been commenced by the debtor's petition filed November 8, 1985. The procedure of this case toward a confirmation hearing before the bankruptcy judge, on March 18, 1986, has been interrupted by a creditor's motion to have the case dismissed out of court on the ground that this individual cannot qualify as a debtor—in the face of the provisions of 11 U.S.C. § 109(f)(2). The provisions were added to the bankruptcy statute as a part of the amendments made by the Bankruptcy Amendments and Federal Judgeship Act of 1984,[1] and read as follows:

(f) Notwithstanding any other provision of this section, no individual may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

. . . . .

(2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

In 11 U.S.C. § 301, it is further provided that "[a] voluntary case under a chapter of this title is commenced by the filing with the bankruptcy court of a petition under such chapter by *an entity that may be a debtor under such* chapter." [emphasis added]

*Findings of Fact —*

The facts relevant to the creditor's motion to dismiss appear of record in this and the debtor's previous chapter 13 case, No. 85–03110. It appearing appropriate to the bankruptcy judge to take judicial knowledge of such facts, the bankruptcy judge does so and finds the facts herein as follows:

1. On May 20, 1985, the debtor filed a petition under title 11, chapter 13, United States Code, which commenced her prior case No. 85–03110;

2. In said prior case, another one of the debtor's creditors filed a motion on June 26, 1985, seeking relief from the automatic stay provided by 11 U.S.C. § 362(a), and this motion was set down for a hearing before the bankruptcy judge on August 6, 1985;

3. By consent of the parties, the bankruptcy judge ordered that the stay continue in force pending the hearing and a further order of the Court;

4. In the meantime, both that creditor and the creditor who has filed the motion to dismiss in the present case filed separate motions to have the prior case dismissed out of court or converted to a case under chapter 7 of the bankruptcy statute;

5. On August 6, 1985, all three motions came before the Court for a hearing, and at the same time, the case was before the Court for a hearing on confirmation of the debtor's plan and upon a motion filed that day by the debtor, asking that her case be dismissed out of court;

6. On August 6, 1985, the bankruptcy judge entered an order dismissing the motion seeking relief from the stay under § 362(a) and an order granting the debtor's motion to have her case dismissed out of court;

**1.** Pub.L. 98–353, § 301 (July 10, 1984).

7. The motions by the creditors to have the case dismissed or converted were not acted upon; and, after the chapter 13 trustee filed a final report, an order was entered September 24, 1985, dismissing the debtor's case; and

8. On November 8, 1985, this individual filed a second petition under title 11, chapter 13, United States Code, commencing (at least for the time being) the present case before the Court.

*Conclusions of Law —*

The moving creditor in the instant case apparently has sought to have this case dismissed on the basis of a voluntary dismissal of the debtor's prior case, after a request by this creditor for relief from the stay provided by § 362(a). Such a request or motion for relief from the stay supposedly was filed by the moving creditor on August 6, 1985, the day when the debtor moved to have the prior case dismissed and the day on which the debtor's motion to dismiss was granted. This contention created an argument over which came first, the request by the creditor for the relief from the stay or the request by the debtor for dismissal of the case. This dispute arises, of course, because § 109(f)(2) speaks in terms of a request for and a dismissal of the case "following" the filing of the request for relief from the stay. The factual dispute of which came first may not appear to be susceptible of resolution, which would be required if the dispute is taken at face value. It does not, however, appear to be a real issue in this case.

From appearances, it seems that the creditor's attorney took its request for relief from the stay by the office of the bankruptcy clerk on the morning of August 6, 1985, where it was imprinted with a filing stamp showing the date but not the time. Apparently, it was returned to the attorney without its filing being verified by the signature or initials of the filing clerk and without its filing being noted on the case docket sheet and was carried by the attorney to the courtroom where the hearing took place. Further, it appears that

the attorney, rather than handing the paper to the courtroom deputy clerk, placed the motion or request in his office file when the bankruptcy judge announced that the case would be dismissed on the debtor's motion. It may be surmised that the paper remained in the file of the creditor's attorney until it was resurrected at the recent hearing on the creditor's motion to have the Court dismiss this individual's present case.

No filing of this creditor's request for relief from the stay appears to have occurred; but, even without this element present, it can hardly be argued that the language of the 1984 amendment to § 109 does not fit the circumstances demonstrated by the prior case and the debtor's present chapter 13 petition. It clearly appears that the other creditor had filed "a request for relief from the automatic stay provided by Section 362", prior to the time that "the debtor requested and obtained the voluntary dismissal of the [prior] case." The only question is whether Congress meant what it said.

The creditor cites the Court to *In re Keziah,*[2] wherein, Bankruptcy Judge Wooten stated the following:

Keziah alternatively argues that § 109(f) is inapplicable in her case because her dismissal was motivated by reasons other than Jim Walter Homes, Inc./Mid-State's request for relief from stay. In short, she asserts that the Bankruptcy Courts should conduct a good faith test in § 109(f)(2) matters and should apply the section only where the filing was abusive. We cannot agree. § 109(f)(2) is unambiguous on its face and doesn't bear reading this language into it. . . .

Had Congress intended to grant the Bankruptcy Judges discretion in such matters, one would imagine it would have placed the 180 day rule in a Code section other than § 109. . . . However, § 109 is a part of the eligibility (to be a debtor) section which involves the subject

101 (Bankr.W.D.N.C.1985).

matter jurisdiction of this Court. The 180-day rule having been placed there, the Court has no choice but to apply it; for indeed, it lacks the power to do otherwise.

Obviously § 109(f)(2) presents problems. And the Court would question, but not answer what the result would be under this statute if the request for relief from stay which makes § 109(f)(2) applicable was filed and then withdrawn, denied, or granted and foreclosure completed, prior to a voluntary dismissal and subsequent refiling? Are both the former Debtor and his Creditors still so barred from refiling?[3]

In opposition to the creditor's motion to dismiss the present case, the Court is cited to the opinion in *Matter of Patton.*[4] In that case, the Court denied a motion to dismiss which had been based upon the provisions of § 109(f)(2). In doing so, the bankruptcy judge stated the undeniable fact that § 109(f) was added by Congress in an effort to curb what were called "abusive filings." It was seen to be an abuse of the bankruptcy statute for a creditor to go to the trouble to obtain relief from the stay under § 362(a) and permit the debtor to obtain the dismissal of that case and shortly file a successive case, raising again the stay provided by § 362(a). In its opinion, the bankruptcy court found that there was no prejudice to the rights of the creditor which had moved for dismissal of the successive case and that the filing was not abusive; whereupon, the Court purports to hold that the provisions of § 109(f)(2) should not be applied. In fact, however, it appears that in the prior case, the creditor had obtained the right to terminate its utility service to the debtor, as may be done under the provisions of § 366(b) of the bankruptcy statute, rather than under § 362. Since the 1984 amendment speaks only in terms of "a request for relief from the automatic stay provided by § 362," the 1984 amendment was not applicable, the creditor's motion to dismiss the debtor's

second case was not well taken, and it was due to be denied.

Because of the lack of any apparent ambiguity in the language of § 109(f), added by Congress as a part of 1984 amendments to the bankruptcy statute, the bankruptcy judge is of the opinion that the Court is not free to tamper with the statute, regardless of the debtor's motives in having the prior case dismissed, that the amendment squarely fits the circumstances here presented to the Court, and that the debtor may not maintain the present case. It does not appear necessary to decide the esoterical question of whether the case should be "dismissed" as prayed for by the creditor or whether it should be "stricken" because of the debtor's ineligibility to file the initiating petition. The bankruptcy judge will make a separate order that the debtor's petition and the present "case" be dismissed or stricken, whichever is appropriate.

**3.** 46 B.R. 551, 554.

**4.** 13 B.C.D. 27, 49 B.R. 587 (Bankr.M.D.Ga. 1985).