**In re James M. SMITH and Janice L. Smith.**

**James M. SMITH and Janice L. Smith, Appellants,**

**v.**

**FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF CARNEGIE, Appellees.**

**Civ. A. No. 86–229.**

United States District Court, W.D. Pennsylvania.

March 11, 1986.

**604**

Catherine T. Martin, Neighborhood Legal Services, Pittsburgh, Pa., for appellants.

John R. Luke, Pittsburgh, Pa., for appellees.

Douglas A. Campbell, Pittsburgh, Pa., Trustee.

## OPINION

GERALD J. WEBER, District Judge.

This is an appeal from an order of the bankruptcy court.

For the third time appellants have filed for bankruptcy immediately prior to a scheduled sheriff's sale to block the sale. I believe this is an egregious abuse of process.

The first bankruptcy case was dismissed for bad faith on January 13, 1984.

The second bankruptcy case was dismissed for failure to file the necessary documents on November 20, 1985. At that time the bankruptcy judge promised the appellees a prompt hearing if appellants filed another bankruptcy on the eve of a sheriff's sale.

Another sheriff's sale had been noticed for Monday, January 6, 1986. On Friday, January 3, 1986, appellants filed for bankruptcy and gave notice to appellees. Appellees appeared late that afternoon before the Bankruptcy Judge ex parte. The Judge granted the relief from the automatic stay. The Bankruptcy Court in its order of January 3, 1986 noted that at the time of granting the relief from stay that he was aware of the debtors' history and the recent dismissal. He lifted the stay and allowed the sale to proceed on January 6, 1986.

The appellants filed a motion for stay pending appeal. The Bankruptcy Court conducted a full evidentiary hearing on the motion on January 15, 1986 at which evidence of fair market value, the mortgage debt, attorney's fees incurred, and the bad faith of appellants was produced.

On January 29, 1986, the Bankruptcy Court issued an Order denying appellants motion for stay and permitting the Sheriff to deliver his deed to the purchaser at the Sheriff's sale, the appellee herein.

The Bankruptcy Judge found from the evidence at the hearing that there would be no exemption to debtors earned by a sale. He also found that the debtors had not acted in good faith with the court or the appellees, and that their practice of filing several bankruptcy cases on the eve of foreclosure was an abuse of process.

The Bankruptcy Judge recited and relied on 11 U.S.C. 109(f)(1)&(2) which absolutely bars a debtor from bringing a new action under the Bankruptcy Act within 180 days of a prior case which was dismissed for failure to abide by orders of the court or failure to prosecute the action.

Section 109 has been held to be jurisdictional and not discretionary:

> However, Section 109 is part of the eligibility (to be a debtor) section which involves subject matter jurisdiction of this court. The 180 day rule having been placed there, the court has no choice but to apply it; for indeed, it lacks the power to do otherwise.

*In re Betty Keziak,* 46 B.R. 551 (Bank.Ct. W.D.N.C.1985).

In the present case the Bankruptcy Judge held that having the authority to dismiss the case, he would have the authority to provide a less severe remedy, to-wit, relief from stay.

■ The appellants here claim that the lifting of the automatic stay was an abuse of discretion. We find that the statute is mandatory, and allows for no exercise of discretion. Appellants then claim that the rules of bankruptcy procedure violate due process by the failure to give debtor notice and a hearing before lifting the automatic stay. They argue that the provisions of Section 109(f) are irrelevant to the issues presented in this appeal because the Bankruptcy Court did not dismiss their bankruptcy provision.

■ It appears to us that any due process claim was fully satisfied by the hearing on January 15, 1986. No final action to deprive the appellants of their property had yet occurred. No deed had yet conveyed the property to appellees. All the requirements of Section 362 of the Bankruptcy Act had been met; notice, hearing, and the taking of evidence. Such testimony supported the determination for lifting the automatic stay. The provisions of Rule 4001(c), *Ex parte relief from stay,* are no longer needed.

■ We conclude that the circumstances known to the Bankruptcy Judge on January 3, 1986, the clear violation of the 180 day rule, authorized the Bankruptcy Judge to take the immediate action that he did on the ex parte application; if the debtor had no right to be in the bankruptcy court, and the petition being subject to dismissal, he could grant the relief immediately sought and lift the stay, which was the obvious reason for the bankruptcy petition.

■ Having so found we must express our opinion of debtors' conduct as shown by this record. It appears replete with instances of debtors' bad faith. Multiple filings create an inference of abuse of the bankruptcy process. Added to that are the fact of filing immediately prior to sheriff's sales. The very purpose of Section 109(f) overrides all other provisions:

> (f) *Notwithstanding any other provisions of this section...".*

The mandate is clear; the debtor has no standing to claim any relief under the Bankruptcy Act, and therefore had no right to the automatic stay achieved by mere filing. Debtors' counsel represented them in the prior proceeding and was fully aware of the circumstances. One court, under such circumstances, has found counsel to be in contempt. *See Bystrek,* 17 B.R. 894 (Bkcy.Ct.E.D.Pa.1982).