**In re Henry E. TOOKE, III d/b/a H.E. Tooke Trucking and Material, Edith M.B. Tooke d/b/a H.E. Tooke Trucking and Material, Debtors.**

**Bankruptcy No. 91–2684–BKC–3P1.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Dec. 6, 1991.

William F. Lawless, Altamonte Springs, Fla., for debtor.

Jon E. Kane, Austin, Lawrence & Landis, Orlando, Fla., for movant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW ON MOTION TO DISMISS BY SUNSHINE STATE MORTGAGE TRUST NO. 86–225

GEORGE L. PROCTOR, Bankruptcy Judge.

THIS CASE came before this Court for hearing on September 19, 1991, upon the Motion to Dismiss by Sunshine State Mortgage Trust No. 86–225 ("Motion to Dismiss Case") pursuant to 11 U.S.C. § 109(g)(2). Upon the evidence presented, the Court makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. On April 11, 1991, an Order for Relief was entered under Chapter 12 of the Bankruptcy Code on petition of Debtors in the United States Bankruptcy Court, Middle District of Florida, Orlando Division, in Case No. 91–01850–6C2 ("Case 1").

2. On May 20, 1991, Great Southern Machinery, Inc. filed a Motion for Relief from Stay in Case 1.

3. On May 22, 1991, the Debtors requested and obtained a voluntary dismissal of Case 1.

4. As of the May 22, 1991 Order Dismissing Chapter 12 case, the Debtors had failed to file schedules or statements.

5. On May 23, 1991, an Order for Relief was entered in this Chapter 11 case ("Case 2").

6. On July 23, 1991, Sunshine State Mortgage Trust No. 86–225 (the "Movant") submitted its Motion to Dismiss Case pursuant to 11 U.S.C. § 109(g)(2), seeking dismissal of the bankruptcy case because Debtors requested and obtained a voluntary dismissal of a case pending under Chapter 12 of the Bankruptcy Code (Case 1) following the filing of a request for relief from the automatic stay by Great Southern Machinery, Inc. within the 180 days preceding the filing of this bankruptcy case (Case 2).

7. On August 13, 1991, the Debtors submitted a response to the Motion to Dismiss, alleging that the Debtors were entitled to file notwithstanding the voluntary dismissal obtained in the Debtors' prior Chapter 12 case (Case 1), and that 11 U.S.C. § 109(g)(2) was inapplicable to this case (Case 2).

8. On September 19, 1991, a hearing was held before this Court on the Motion to Dismiss.

### ISSUES PRESENTED

The issues presented for decision upon the Motion of Sunshine State Mortgage Trust No. 86–225 to Dismiss, pursuant to 11 U.S.C. § 109(g)(2), are as follows:

1. Are the Debtors entitled to be debtors under the Bankruptcy Code (11 U.S.C. § 101 *et seq.*) where they have been debtors in a case pending under the Bankruptcy Code in which they requested and obtained a voluntary dismissal of the case following the filing of a request for relief from the automatic stay during the 180 days preceding the filing of this subsequent Chapter 11 case?

2. Is the application of 11 U.S.C. § 109(g)(2), which prohibits a debtor who

obtains dismissal of a case following the filing of a motion for relief from stay from refiling a case within 180 days after the date of the voluntary dismissal, mandatory?

The Movant contends that, pursuant to the provisions 11 U.S.C. § 109(g)(2), the Debtors are not entitled to be debtors under the Bankruptcy Code since, within the 180 days preceding the filing of this bankruptcy case (Case 2), they have been debtors in a prior case pending under the Bankruptcy Code (Case 1) where they requested and obtained a voluntary dismissal of that case following the filing of a request for relief from the automatic stay, and the application of 11 U.S.C. § 109(g)(2) is mandatory. The Debtors contend that, despite the provisions of 11 U.S.C. § 109(g)(2), the Debtors are entitled to be debtors under Chapter 11 of the Bankruptcy Code notwithstanding the voluntary dismissal obtained in the Debtors' prior Chapter 12 case, and that the application of 11 U.S.C. § 109(g)(2) is discretionary and should not be employed when a debtor refiles a bankruptcy case in good faith.

### CONCLUSIONS OF LAW

1. Bankruptcy Code § 109(g) (11 U.S.C. § 109(g)), provides in relevant part, as follows:

> Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—
>
> (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by Section 362 of this title.

2. The foregoing provision was added by the 1984 Bankruptcy Amendments. *See,* § 301, Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353. Section 109(g)(2) is the Congressional response to the perceived abuse where the debtor has the absolute right to dismiss his case at any time, so long as the case has not been converted. *In re Keul,* 76 B.R. 79, 80 (Bankr.E.D.Pa.1987); *In re Rosenthal,* 117 B.R. 710, 711 (Bankr. M.D.Fla.1990).

3. Pursuant to 11 U.S.C. § 109(g)(2), a debtor who obtains dismissal of a case when faced with a motion for relief from the stay, as in this instance, may not immediately refile a bankruptcy case and thus frustrate the attempts of the creditors to have their rights adjudicated within a reasonable period of time. *In re Wilson,* 85 B.R. 72, 73 (Bankr.N.D.Ill.1988); *In re Berts,* 99 B.R. 363, 19 B.C.D. 186 (Bankr. N.D.Ohio 1989).

4. Moreover, the application of § 109(g)(2) is mandatory, and the Debtors' motives in dismissing the prior case are irrelevant. *In re Keziah,* 46 B.R. 551, 554–555 (Bankr.W.D.N.C.1985); *In re Smith,* 58 B.R. 603, 605 (W.D.Pa.1986); *In re Denson,* 56 B.R. 543, 546 (Bankr.N.D.Ala.1986). *See also In re Gregory,* 110 B.R. 911 (Bankr.E.D.Mo.1989); *In re Bigalk,* 813 F.2d 189 (8th Cir.1987).

5. As a result of the foregoing, the Court concludes that the Debtors are not entitled to be debtors under Title 11 of the United States Code (11 U.S.C. § 101 *et seq.*), since, within the 180 days preceding the filing of this case (Case 2), they have been debtors in a prior case pending under Chapter 12 of the Bankruptcy Code (Case 1) where they requested and obtained a voluntary dismissal following the filing of a request for relief from the automatic stay under 11 U.S.C. § 362.

DONE AND ORDERED.

### ORDER GRANTING MOTION TO DISMISS OF SUNSHINE STATE MORTGAGE TRUST NO. 86–225 AND DISMISSING CHAPTER 11 CASE

THIS CASE came on for hearing before the Court on September 19, 1991 upon the Motion by Sunshine State Mortgage Trust No. 86–225 to Dismiss, pursuant to the provisions of 11 U.S.C. § 109(g)(2). Upon

the Finding of Facts and Conclusion of Law separately entered, it is

ORDERED:

1.  The Motion by Sunshine State Mortgage Trust No. 86–225 to Dismiss is granted and this case is dismissed.

2.  The automatic stay imposed pursuant to § 362 of the Bankruptcy Code is terminated.