**In re Michael Lee RIST, Debtor.**

**Bankruptcy No. 92–928–BKC–3P3.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

March 29, 1993.

Albert Mickler, Jacksonville, FL, for debtor.

Jerry A. Funk, Jacksonville, FL, trustee.

Larry Segall, Tampa, FL, Lawrence J. Bernard, Jacksonville, FL, for Great Western Bank.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case came before the Court upon Motion to Dismiss filed by Great Western Bank ("Great Western"). A hearing was held on January 7, 1993, and upon the evidence presented, the Court enters the following Findings of Fact and Conclusions of Law:

### Findings of Fact

Debtor filed a petition for relief under chapter 13 on July 6, 1990 (Case Number 90–2687–BKC–3P3). Great Western filed a Motion for Relief from Stay in that case on July 12, 1990. On August 6, 1990, this Court entered an order granting adequate protection to Great Western. The case was dismissed on March 12, 1991.

Debtor filed a second chapter 13 case on April 25, 1991 (Case Number 91–2105–BKC–3P3). Great Western again filed a Motion for Relief from Stay and, on June 3, 1991, an order granting adequate protection was entered. On January 2, 1992, Great Western filed an affidavit establishing debtor's failure to make the required adequate protection payments. Based on the affidavit, the Court entered an order lifting the automatic stay in favor of Great Western on January 7, 1992. Upon debtor's subsequent request, the case was dismissed on February 21, 1992.

On the same day that the second case was dismissed, debtor filed his third chapter 13 petition, commencing the instant case. On April 22, 1992, Great Western filed another Motion for Relief from Stay. An order granting adequate protection was entered on April 22, 1992. A confirmation hearing was held on December 8, 1992, and an order confirming the plan was entered on December 15, 1992.

### Conclusions of Law

Great Western has moved to dismiss the instant case based on 11 U.S.C. § 109(g). The section provides in relevant part:

(g) Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

(2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

Debtor contends that this section does not apply because Great Western's Motion for Relief from Stay was not pending at the time the request for dismissal was made. Since an order lifting the stay had been entered, debtor argues that the request neither followed the filing of a stay relief motion, nor was it intended to defeat a pending motion. Accordingly, debtor maintains that § 109(g)(2) is not controlling.

This Court addressed the application of § 109(g) in *In re Tooke*, 133 B.R. 661 (Bankr.M.D.Fla.1991), *appeal dismissed*, Case No. 92–181–CIV–ORL–19 (September 18, 1992). In that case, the provisions of § 109(g) were declared to be mandatory. Consequently, neither the purpose nor the intent of the voluntary dismissal were relevant in considering the validity of the subsequent petition. *Id.* at 663.

Adhering to the earlier decision, this Court concludes the petition was filed before the expiration of the mandatory 180 period prescribed by § 109(g)(2). Accordingly, the confirmation order entered on

December 15, 1992, will be set aside and the case will be dismissed.

A separate order will be entered in accordance with these Findings of Fact and Conclusions of Law.