Su Ming KUO and Chin
Su Kuo, Appellants,

v.

Donald F. WALTON, Acting United
States Trustee, Appellee.

No. 93–2170–Civ–T–17.
Bankruptcy No. 93–4918–8P1.

United States District Court,
M.D. Florida,
Tampa Division.

June 7, 1994.

Josiah Ewing Hutton, Jr., J. David Pobjecky, P.A., Winter Haven, FL, for appellants.

John A. Moffa, U.S. Trustee's Office, Tampa, FL, Martha L. Davis, Executive Office for U.S. Trustees, Washington, DC, for appellee.

### ORDER AFFIRMING BANKRUPTCY COURT

KOVACHEVICH, District Judge.

This cause is before this Court on appeal from final judgment entered by the Bankruptcy Judge in favor of appellees. Jurisdiction is pursuant to 28 U.S.C. § 158(a). Chief Bankruptcy Judge Alexander L. Paskay entered Final Judgement on September 23, 1993.

## STANDARD OF APPELLATE REVIEW

Findings of fact by the Bankruptcy Court will not be set aside unless clearly erroneous. Bankruptcy Rule 8013; *In re Downtown Properties, Ltd.*, 794 F.2d 647 (11th Cir.1986). Resolution of this appeal requires this court to review conclusions of law. The issue presented in this appeal, whether the Bankruptcy Court properly applied 11 U.S.C. § 109(g)(2), is subject to *de novo* review. *In re Owen*, 86 B.R. 691 (M.D.Fla.1988).

## FACTS

The facts as found by the Bankruptcy Court are as follows. On June 8, 1992, appellants filed their first Petition for Relief under Chapter 11 of the Bankruptcy Code. On November 16, 1992, Chen Financial Group, Inc. filed a Motion for Relief from Stay, which was denied by the Bankruptcy Court on November 23, 1992. On December 15, 1992, Judge Paskay entered an Order converting the Chapter 11 case to a Chapter 7 case. On December 21, 1992, appellants filed a Motion to Dismiss their case, which was granted by the Bankruptcy Court on March 12, 1993. Appellants filed a subsequent Chapter 11 case on May 3, 1993. Appellees argued that appellants were not eligible for relief pursuant to § 109(g)(2) of the Bankruptcy Code, which provides, in pertinent part, as follows:

Who may be a debtor

. . . .

(g) Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

. . . .

(2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

After reviewing the records of the first and second cases filed by appellants, the bankruptcy court found that appellants sought a voluntary dismissal of their case, after appellees sought relief from the automatic stay, and appellants then filed a second case within 180 days from the date of the Order dismissing the first case. Therefore, Judge Paskey found that appellants were ineligible for relief pursuant to § 109(g)(2) of the Bankruptcy Code, and granted appellee's Motion to Dismiss.

## ISSUE

WHETHER, WHERE APPELLANTS FILED FOR BANKRUPTCY, THEN MOVED FOR VOLUNTARY DISMISSAL AFTER APPELLEES REQUESTED RELIEF FROM STAY, AND SUBSEQUENTLY REFILED FOR BANKRUPTCY WITHIN 180 DAYS OF THE DATE OF THE ORDER DISMISSING THE FIRST CASE, APPLICATION OF 11 U.S.C. § 109(g)(2) IS MANDATORY.

## DISCUSSION

This Court will not consider appellants' argument that the failure to pay the

required filing fee upon filing a Motion for Relief from Stay rendered the Motion a nullity, as this argument was not made to the Bankruptcy Court. An appellate court does not normally give consideration to issues not raised in the court below. *Hormel v. Helvering*, 312 U.S. 552, 61 S.Ct. 719, 85 L.Ed. 1037 (1941).

This Court must consider whether the Bankruptcy Court erred in deciding that the provisions of 11 U.S.C. § 109 must be applied in the instant case, thereby dismissing the Chapter 11 proceedings of appellants. Resolution of this issue requires the Court to determine whether § 109(g)(2) is mandatory or discretionary in its application. The question at bar is one of first impression in this Court and in the Eleventh Circuit.

Appellants argue that, because appellants did not begin the second bankruptcy proceeding in bad faith, the provisions of § 109(g)(2) should not cause their case to be dismissed. Assuming, *arguendo*, that appellants did not proceed in bad faith, appellants' argument is not without merit. Several courts have found that the circumstances surrounding a case should be considered in determining whether § 109(g)(2) should apply. These cases have determined that the intent of the filing parties, or the absence of evidence of abusive filings, should be considered in determining whether § 109(g)(2) should be applied. See, e.g., *Matter of Milton*, 82 B.R. 637 (Bankr.S.D.Ga.1988), *In re Copman*, 161 B.R. 821 (Bankr.E.D.Mo.1993), *Matter of Patton*, 49 B.R. 587 (Bankr. M.D.Ga.1985).

■ However, this Court is in agreement with the view argued by appellees that § 109(g)(2) is an eligibility provision which bars filing in the situations it describes. The question in the instant case was considered in *In re Denson*, 56 B.R. 543 (Bankr.N.D.Ala. 1986). Judge Watson found that the lack of ambiguity in the language of § 109(g) [designated as § 109(f) at that time] prevented the court from considering the debtor's motives in having the first case dismissed. Because § 109(g) fit the circumstances of that case, the Court found its application mandatory. The Court's finding in *Denson* is consistent with the requirement that the language of a statute controls when the language is sufficiently clear in its context. *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976).

The holding in *Denson* has been the view maintained by the Middle District of Florida. Parties whose circumstances are described by § 109(g)(2) are ineligible to be debtors under Title 11 of the United States Code. *In re Tooke*, 133 B.R. 661 (Bankr.M.D.Fla.1991), appeal dismissed, Case No. 92–181–CIV–ORL–19 (September 18, 1992). The application of § 109(g)(2) is mandatory and debtors' motives in dismissing a prior case are irrelevant. *Id.*, at 663.

■ Nor is the outcome of the request for relief from stay to be considered in determining whether to apply § 109(g). *In re Rist*, 153 B.R. 79 (Bankr.M.D.Fla.1993). Where debtors filed for bankruptcy and creditors filed a Request for Relief from Stay, and an order lifting the stay was entered prior to debtor's voluntary dismissal, debtor argued that § 109(g)(2) was inapplicable. The *Rist* Court reiterated its holding in *Tooke*, and rejected debtor's argument that § 109(g)(2) did not apply because no motion for relief from stay was pending. *Rist*, at 80.

■ It is the finding of this Court that the application of § 109(g)(2) is mandatory in situations described by that section, as it is an eligibility requirement not subject to the discretion of the court. Neither the purposes nor the intent of the voluntary dismissal of the first bankruptcy claim are relevant in considering the validity of the later petition. Where the facts of a case fit § 109(g)(2), that section must be applied, regardless of surrounding circumstances.

## CONCLUSION

This Court, having carefully considered the issue on appeal, and based on the foregoing, concludes that the Bankruptcy Court did not err in its decision dismissing appellants' claim. Accordingly, it is

**ORDERED** that the Bankruptcy Court's Final Judgment entered on September 23, 1993 is **AFFIRMED.** The Clerk of this Court is **directed** to enter judgment for Ap-

pellees in accordance with this Order, and dismiss the case.

DONE and ORDERED.