**In re Hiram Lopez RAMOS, Adela Sobrino Rivera, Debtors.**

**Bankruptcy No. 97–01777(GAC).**

United States Bankruptcy Court, D. Puerto Rico.

Aug. 8, 1997.

William Davíla de Pedro, Hato Rey, PR, for debtors.

Francisco C. Santaella, San Juan, PR, for Citibank.

**DECISION AND ORDER**

GERARDO CARLO, Bankruptcy Judge.

The debtors filed their first petition for relief under Chapter 13 of the Bankruptcy Code on May 26, 1995 (Case No. 95–03277). On October 16, 1996, Citibank filed a motion for relief from the automatic stay under 11 U.S.C. § 362(e). The motion for relief from stay was granted by order entered on November 7, 1996. On January 21, 1997, the debtors filed a motion for voluntary dismissal. This motion was granted and the case was dismissed on February 7, 1997. On February 25, 1997, the debtors filed this petition under Chapter 13. On July 14, 1997, Citibank filed a motion to dismiss pursuant to 11 U.S.C. § 109(g)(2)(dkt. # 9). The debtors filed a response on July 22 (Dkt. #10).

The Bankruptcy Code provides that:

[n]otwithstanding any other provision of this section, no individual ... may be a debtor under this title who has been a

debtor in a case pending under this title at any time in the preceding 180 days if—(2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

11 U.S.C. § 109(g)(2). There is disagreement among courts as to whether 11 U.S.C. § 109(g)(2) is discretionary or mandatory. The Bankruptcy Appellate Panel for the Ninth Circuit has indicated that § 109(g)(2) is discretionary. See *Home Sav. of Am., F.A. v. Luna (In re Luna)*, 122 B.R. 575, 577 (9th Cir. BAP 1991). Other courts have indicated that the application of section 109(g)(2) is mandatory. See *In re Jarboe*, 177 B.R. 242, 245 (Bankr.D.Md.1995); *In re Rist*, 153 B.R. 79, 80 (Bankr.M.D.Fla.1993); *Smith v. First Federal Savings & Loan Ass'n (In re Smith)*, 58 B.R. 603, 605 (W.D.Pa.1986); *In re Denson*, 56 B.R. 543, 546 (Bankr.N.D.Ala. 1986). One noted authority states that "[t]here is certainly nothing in the language of § 109(g)(2) to suggest its application is discretionary." 1 Keith M. Lundin, *Chapter 13 Bankruptcy*, § 1.85, p. 1–97 (2d ed.1994).

■ This Court adopts an intermediate approach. As one court stated:

[i]f all of the requisite conditions of Section 109(g) have been satisfied the prohibition against being a debtor during the 180 day period operates without further action by a court or any other party. Neither the statute nor the Bankruptcy Rules requires [sic] that a court order be entered before an individual or a family farmer is barred from being a debtor in a subsequent case after a voluntary dismissal in the circumstances described at Section 109(g).

*In re Hamm*, 157 B.R. 137, 139 (Bankr. E.D.Mo.1993) (citations omitted). The court goes on, however, to indicate that there may be circumstances where equity demands that the prohibition against refiling should not be enforced. *Id.* at 140. Thus, this approach recognizes that the language of the statute is mandatory, but suggests that there may be situations where the court will suspend enforcement of the statute for equitable reasons.

This Court concludes that enforcement of the prohibition against refiling may be suspended under special circumstances, such as where the request for relief from stay was resolved in favor of the debtor or where the request for relief from stay and the dismissal were separated in time. This approach attempts to effectuate the intent of the statute, while recognizing that strict application of section 109(g)(2), which lacks a causation requirement in its language, could work an injustice contrary to the purpose of the bankruptcy system.

■ In the present case, the debtors have presented no circumstances which would justify suspension of the enforcement of § 109(g)(2). During the debtors' first case, Citibank obtained relief from the automatic stay. The debtors then sought voluntary dismissal. The case was dismissed on February 7, 1997. The debtors filed the present case less than three weeks later, on February 25, 1997. The debtors justification for refiling, despite the prohibition found in section 109(g), is that the debtors have experienced extreme financial difficulties. This court concludes that all of the conditions for enforcement of section 109(g) have been satisfied and that financial difficulties are not a circumstance from which the court can find that the prohibition against refiling should not be enforced.

The Court finds that the bankruptcy petition in this case was filed at a time when the debtors were not eligible to be debtors under Title 11. Thus, the Court will dismiss the case. So that the debtors do not benefit from the second prohibited filing, the debtors will be prohibited from filing another petition in bankruptcy for 180 days from the date of the dismissal of this petition. Other courts have reached this result. See *McIver v. Phillips (In re McIver)*, 78 B.R. 439, 442 (D.S.C.1987).

■ Citibank has also requested sanctions against debtors and their counsel for filing this petition in clear contravention of 11 U.S.C. § 109(g). Sanctions are appropriate under Fed.R.Bankr.P. 9011 where a petition is filed within 180 days of the voluntary dismissal of a Chapter 13 case in which a creditor filed a motion for relief from stay.

See *Moran v. Frisard (In re Ulmer),* 19 F.3d 234 (5th Cir.1994). Accordingly, unless debtors' counsel can offer evidence that this petition was filed for any purpose other than delaying creditor action, sanctions, including Citibank's costs and attorney's fees, will be imposed upon debtors' counsel.

### ORDER

WHEREFORE IT IS ORDERED that the case shall be, and hereby is, DISMISSED WITH PREJUDICE. The debtors are prohibited from filing another petition under Title 11 of the United States Code for a period of 180 days.

IT IS FURTHER ORDERED that the Court retains jurisdiction to determine whether sanctions should be imposed on debtor's counsel. Attorney William Davila de Pedro shall show cause within thirty (30) days as to why he should not be sanctioned for filing this petition in violation of 11 U.S.C. § 109(g)(2).

The ten-day period for filing a motion to alter or amend this order, pursuant to Fed. R.Bankr.P. 9023, or to file a notice of appeal, pursuant to Fed.R.Bankr.P. 8002(a), shall commence to run upon notice of entry of this order.

SO ORDERED.