**In the Matter of Doug E. STUART, Debtor.**

**No. 02–43960.**

United States Bankruptcy Court, S.D. Georgia, Savannah Division.

July 31, 2003.

William Maston, Savannah, GA, for Plaintiff/Movant.

Mark Bulovic, Savannah, GA, for Defendant/Respondent.

### *MEMORANDUM AND ORDER ON MOTION TO DISMISS CASE*

LAMAR W. DAVIS, JR., Bankruptcy Judge.

Doug E. Stuart ("Debtor") requested voluntary dismissal of a previous Chapter 13 bankruptcy case. Shortly thereafter, he filed this case under Chapter 7. Creditor M. Randall Hall ("Hall") filed a motion to dismiss the current case. Hall contends that under the literal provisions of 11 U.S.C. § 109(g)(2), Debtor does not qualify to be a debtor in this case. Alternatively, Hall asserts that the circumstances surrounding the filing of Debtor's present case show that it should be dismissed.

Debtor opposes dismissal. Contending that application of § 109(g)(2) is discretionary rather than mandatory, he asserts that circumstances surrounding the filing of the present case show that Debtor did not file this case in a bad faith attempt to prevent creditors from enforcing their legal rights, and that the Court should therefore deny Hall's motion to dismiss.

This matter is a core proceeding under 28 U.S.C. § 157(b) in which this Court has jurisdiction pursuant to 28 U.S.C. § 1334(a) in conjunction with the general order of reference of the District Court for the Southern District of Georgia issued under authority of 28 U.S.C. § 157(a).

The following facts are not in dispute. Debtor previously filed a voluntary Chapter 13 case in this Court. New South Federal Savings Bank filed a motion for relief in that case on September 30, 2002. While that motion was pending, Debtor filed a motion to voluntarily dismiss his case. At a hearing held on October 30, 2002, Debtor's counsel offered no reason for the dismissal request but stated that Debtor's right to dismissal was absolute. The Court announced at the hearing that the case would be dismissed, and on November 11, 2002, the Order of dismissal was entered of record.

Three weeks after the dismissal was entered, on December 2, 2002, Hall obtained judgment against Debtor in state court for rent arrearages of $12,000.00 plus court costs and was granted immediate possession of the rental property and a general lien on all of Debtor's leviable property. Fifty-two minutes after the state court judgment was rendered, Debtor filed his current case.

Having considered the oral arguments of counsel at a hearing held on April 30, 2003, the written submissions of Debtor's counsel, and applicable case law, and in light of the undisputed facts set out above, I make the following Conclusions of Law.

### *CONCLUSIONS OF LAW*

11 U.S.C. § 109(g)(2) provides in pertinent part:

Notwithstanding any other provision of this section, no individual … may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if … the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief

from the automatic stay provided by section 362 of this title.

11 U.S.C. § 109(g)(2).

*1. Congress did not intend § Section 109(g)(2) to be subject to judicial inquiry into a debtor's intent in dismissing one case and refiling another.*

Section 109(g)(2) is stated in clear mandatory language not premised upon additional judicial findings into a debtor's reasons for dismissing one case and refiling another. Debtor cites, however, as support for his position that this Court's application of § 109(g)(2) must be discretionary, *White v. Associates Commercial Corp. (In re White),* CV 286–058 (S.D.Ga.1986) (Alaimo, J.). In *White,* Judge Alaimo required my predecessor "to inquire into the reasons for the successive filing," *id.,* slip op. at 10, stating that "[i]f the successive petition is not filed in a bad faith attempt to prevent creditors from enforcing their legal rights, it is not an abuse of the bankruptcy process and should be excluded from the ambit of [the subsection that is now § 109(g)(2)]," *id.* That holding was premised upon the following justification: "While [§ 109(g)(2)] may be *clear and unambiguous on its face,* its provisions must be implemented with reference to the *legislative intent* underlying its enactment." *Id.* (emphases added).

■ The holding in *White,* which directed the court to look beyond facially "clear and unambiguous" statutory language in order to discover "legislative intent," is not dispositive on these facts, when considered in light of more recent unequivocal statements to the contrary in decisions rendered by the United States Supreme Court and Eleventh Circuit Court of Appeals. The Supreme Court has held that the first source for determining the "intent" of Congress is the statutory language itself: "[I]f the statute is clear

and unambiguous, 'that is the end of the matter, for the court … must give effect to the unambiguously expressed intent of Congress,' " *Mobil Oil Exploration & Producing S.E. Inc. v. United Distribution Cos.,* 498 U.S. 211, 223, 111 S.Ct. 615, 623, 112 L.Ed.2d 636 (1991) (quoting *Sullivan v. Stroop,* 496 U.S. 478, 482, 110 S.Ct. 2499, 2502, 110 L.Ed.2d 438 (1990) (quoting *K Mart Corp. v. Cartier, Inc.,* 486 U.S. 281, 291, 108 S.Ct. 1811, 1817, 100 L.Ed.2d 313 (1988))). The Court of Appeals for the Eleventh Circuit reiterated that "[a]bsent statutory ambiguity, 'judicial inquiry is complete,' " and that a court " 'need look no further,' " *Lewis v. Barnhart,* 285 F.3d 1329, 1331 (11th Cir.2002) (quoting *Gilbert v. Alta Health & Life Ins. Co.,* 276 F.3d 1292, 1302 (11th Cir.2001)), and emphasized that the Eleventh Circuit "has often recognized that … 'we must presume that Congress said what it meant and meant what it said,' " *id.* at 1331 (quoting *Adams v. Fla. Power Corp.,* 255 F.3d 1322, 1324 (11th Cir.2001)).

■ I conclude from the language of § 109(g)(2), in conjunction with guidance from binding case law set out above, that Congress intended to make debtors who dismiss and refile in the face of a motion for relief ineligible, regardless of their subjective state of mind or intent, and did not intend for a bankruptcy court to condition § 109(g)(2)'s application upon a judicial determination regarding a debtor's intent.

*2. Only if mandatory application of § 109(g)(2) leads to an absurd or unconstitutional result should the Court move on to an assessment of Congress' intent.*

■ Judicial interpretation of a statute outside its literal terms is appropriate only when a literal application of the statute would lead to an absurd or unconstitutional result. *In re Richardson,* 217 B.R. 479, 489 (Bankr.M.D.La.1998) (citing *Pub.*

*Citizen v. Dep't of Justice,* 491 U.S. 440, 109 S.Ct. 2558, 105 L.Ed.2d 377 (1989)); *Green v. Bock Laundry Mach. Co.,* 490 U.S. 504, 109 S.Ct. 1981, 104 L.Ed.2d 557 (1989). Discussing whether § 109(g)(2) would produce an absurd result as written, the *Richardson* court opined:

> The negative side effects of the statute are, apparently, that some innocent debtors are also caught in the net and will, if they voluntarily dismiss their bankruptcy cases in circumstances that will trigger § 109(g)(2), be barred from seeking further bankruptcy relief for 180 days.
>
> .... [T]hat possibility .... isn't enough to render § 109(g)(2) unthinkable or bizarre .... The debtor should be aware of the consequences of a voluntary dismissal before seeking it, and can weigh the 180 day prohibition of refiling against the perceived benefits of dismissal.... It is difficult for this Court to conclude that § 109(g)(2) is absurd when its applicability is triggered only by a knowing, voluntary act of the debtor ....
>
> .... [I]t is entirely within the power of Congress to decide who will be a debtor, and under what conditions. It is not within the power of the bankruptcy courts ... to question the wisdom of a Congressional act that determines who may be a debtor in bankruptcy, through the conjuring maneuver of decrying, as absurd, consequences which are (to some) *felt* to be unfortunate.

217 B.R. at 492–93.

■ I conclude that applying the statute as it is written does not in this case lead to an absurd or unconstitutional result. The consequences in this case are unfortunate for Debtor. They are not, however, "absurd." Debtor was aware that the motion for relief had been filed and that it was still pending when he voluntarily requested dismissal of the prior case.

■ This is not to say, however, that a strictly mechanical application of subsection (g)(2) is appropriate. *See Fulton Fed. Sav. & Loan Ass'n v. Milton (In re Milton),* 82 B.R. 637, 639–40 (Bankr.S.D.Ga. 1988) (Davis, J.) (holding that subsection (g)(2) applies only to dismissals which occur before the pending motion is rendered moot; denying motion to dismiss under § 109(g)(2) "because as of the date of the refiling there was, legally speaking, no pending motion for relief from stay that was unresolved in the previously filed and dismissed Chapter 13 case"); *In re Murray,* Chapter 13 Case No. 486–00325 (Bankr.S.D.Ga., Aug. 21, 1986) (Davis, J.) (holding § 109(g)(2) inapplicable when debtor had no knowledge that motion for relief was pending at time he voluntarily requested dismissal), *cited in Old Stone Credit Corp. v. Griggs,* 1992 WL 12006582, *1 (Bankr.S.D.Ga.1992).

In *Milton,* the dismissal came "after" the filing of a motion for relief, but also after it was settled and rendered moot. Literally speaking, a second case would have been barred for 180 days; however, without considering debtor's subjective intent (which I find beyond the scope of my authority), I found that Congress' intent was to prevent debtors from playing "peekaboo" with creditors who have filed motions for relief, but have not settled them or recovered their collateral at the time of dismissal. Dismissal and refiling to delay and frustrate their exercise of rights was clearly prohibited. When their rights have already been fully vindicated, however, there is no reason to bar a refiling which is in good faith as to *other* creditors, and to do so would be an absurd result; thus, I found a narrow exception to the statutory language.

In *Murray*, since Debtor had not been served and had no knowledge of the pendency of the motion for relief, it would have violated due process to attach a 180 day bar period to a voluntary dismissal. Congress could not have intended an unconstitutional result when it adopted its refiling bar, and thus I recognized a second narrow exception to the otherwise absolute rule.

■ My holdings in *Milton* and *Murray* constitute narrow exceptions to a mechanical application of subsection (g)(2). They do not, however, require "discretionary" findings. Rather, they require simple inquiries, the answers to which determine eligibility: whether the debtor had notice of the filing of the motion for relief prior to requesting dismissal, and whether the motion for relief was fully resolved at the time the debtor requested dismissal. The first inquiry prevents an unconstitutional result, and the second prevents an absurd result. In this case, however, to permit a general inquiry into Debtor's "intent" to escape the bar of § 109(g)(2), where he was acting with full knowledge of the pending motion for relief would amount to judicial legislation.

### CONCLUSION

■ Debtor filed his present case within 180 days of voluntarily requesting dismissal of his prior case, he requested dismissal while a motion for relief from stay was pending, and he had notice of the motion for relief at the time he voluntarily requested dismissal; therefore, I conclude that under 11 U.S.C. § 109(g)(2), Debtor is not qualified to be a debtor in his present case.

In that § 109(g)(2) is a provision governing only Debtor's *eligibility* for relief and not the power of this Court to afford such relief, any relief received prior to Hall's challenge under § 109(g)(2) may not be challenged for lack of jurisdiction of this Court over Debtor as "a debtor." *See Wenberg v. Fed. Deposit Ins. Corp. (In re Wenberg)*, 902 F.2d 768, 768 (9th Cir.1990), *aff'g* 94 B.R. 631, 637 (9th Cir. BAP 1988) (holding that § 109 eligibility is not jurisdictional); *Rudd v. Laughlin*, 866 F.2d 1040, 1041–42 (8th Cir.1989) (holding that § 109 is not meant to restrict jurisdiction granted under title 28); *Promenade Nat'l Bank v. Phillips (In re Phillips)*, 844 F.2d 230, 235–36 n. 2 (5th Cir.1988) ("[I]ssues pertaining to whether a debtor meets the requirements of § 109(g)(2) .... 'are defenses not jurisdictional requirements.' " (quoting *In re Johnson*, 13 B.R. 342, 346 (Bankr.D.Minn.1981))); 2 Collier on Bankruptcy ¶ 109.01[2] (15th ed. 2003) ("[I]f no party raises the issue of ineligibility, the relief that the debtor may receive under that chapter may not subsequently be successfully challenged for lack of jurisdiction.").

### ORDER

IT IS HEREBY ORDERED that creditor M. Randall Hall's motion to dismiss Doug E. Stuart's Chapter 7 Case Number 02–43960 is GRANTED. Mr. Stuart's case is DISMISSED.