**In re Emanuel HOWARD, Sr. and Lora Howard, Debtors.**

**No. 02–27081–SVK.**

United States Bankruptcy Court, E.D. Wisconsin.

June 18, 2004.

Barbara K. Hamilton, Sarah E. Pugh, Newark, NJ, Jay J. Pitner, Milwaukee, WI, for creditors.

## MEMORANDUM DECISION

SUSAN V. KELLEY, Bankruptcy Judge.

The Debtors moved to voluntarily dismiss their chapter 13 case, and indicated that they intended to immediately re-file a chapter 7 petition to discharge medical bills incurred during the chapter 13 case.[1] The Debtors filed this motion despite the provisions of Bankruptcy Code § 109(g)(2), which states that no individual may file a bankruptcy petition within 180 days of a prior bankruptcy case if "the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title." The Debtors' mortgagee filed a motion for relief from stay in September 2003, but the Debtors resolved the motion by paying over $2,000 in post-petition arrearages directly to the creditor. According to their motion, as a result of illness and injury, Mr. Howard no longer can work. The Debtors therefore wish to surrender their house to the mortgagee, and obtain the chapter 7 discharge of the medical bills and any deficiency that will be due under the mortgage. The chapter 13 trustee objected, not to the dismissal, but to the "abrogation of 11 U.S.C. § 109(g)(2)."

Courts are split on whether the provisions of § 109(g)(2) are mandatory or discretionary. The Seventh Circuit Court of Appeals has not addressed this issue, nor has there been a reported case from any bankruptcy court in the Seventh Circuit. The trustee cites *In re Stuart*, 297 B.R. 665, 668 (Bankr.S.D.Ga.2003), which held that the 180–day bar of § 109(g)(2) is mandatory, and the Debtors should not be permitted to re-file prior to the bar date, even if the new filing would not constitute an abuse of the Bankruptcy Code.[2] *Stuart* is among several courts that have found the language of § 109(g)(2) unambiguous; these courts accordingly apply the "plain meaning rule" as dictated by the Supreme Court. *E.g., Hartford Underwriters Insurance Co. v. Union Planters Bank*, 530 U.S. 1, 6, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000). However, *Stuart* recognizes the canon of statutory construction that "judicial interpretation of a statute outside its literal terms is appropriate when a literal application of the statute would lead to an absurd or unconstitutional result." *Stuart*, 297 B.R. at 668.

*In re Hutchins*, 303 B.R. 503 (Bankr. N.D.Ala.2003), contains a thorough and thoughtful analysis of the cases on both sides of the issue, and this court cannot improve on it. In response to *Stuart* and cases following the letter of the statute, *Hutchins* states:

Surely it is absurd to have the following result: Debtor stops making his or her Chapter 13 payments after a motion for relief from stay is filed. Trustee files a motion to dismiss the case and the motion is granted. Debtor is eligible for a new Chapter 13 without the mechanical application of § 109(g)(2). Alternative-

---

1. The Debtors could not simply convert this chapter 13 case to chapter 7, as they had filed chapter 7 previously in 1997. Bankruptcy Code § 727(a)(8) prevents a chapter 7 discharge if the debtors received a discharge in a case commenced within six years before filing of the next case.

2. Legislative history states that the section was intended to "curb abuses of the Bankruptcy Code and make its use truly a last resort." 130 Cong. Rec. 8894 (daily ed. June 29, 1984) (statement of Senator Hatch).

ly, after or following the filing of a motion for relief from stay, Debtor suffers a job loss, stolen purse, on the job injury or other catastrophic event. She voluntarily dismisses her Chapter 13 to file a new Chapter 13 to include additional debt or to propose a different reorganization or repayment plan in light of the substantial change in the Debtor's finances. Under the latter facts, Movant would argue that § 109(g)(2) prohibits this second opportunity for the debtor. *Id.* at 508–09. *Hutchins* recognizes the absurdity in applying § 109(g)(2) mechanically to facts such as the Debtors face here.

Moreover, wooden application of the statute could lead to abuse by creditors. Motions for relief from stay are common in chapter 13 cases when debtors miss postpetition payments; occasionally, the creditor has made an accounting error, and withdraws the motion immediately after the debtor demonstrates that the payments in fact have been made. If the debtor dismissed a chapter 13 case "following" one of these erroneous motions for stay relief, strict application of the statute would bar the debtor from obtaining further bankruptcy relief for 180 days. The application of the statute to these facts, those posited in *Hutchins,* and indeed those present in the instant case (in which the motion for relief from stay was resolved nine months prior to the Debtors' requested dismissal, and the Debtors want to surrender the collateral to the mortgagee, not file serial bankruptcy petitions to frustrate the mortgagee's efforts to recover the collateral), leads to absurd results that could not have been intended by Congress.

Applying the statute on a case by case basis, requiring the debtor to show cause that the 180–day bar should not apply and that no prejudice will occur to the creditor who requested relief from the stay, is a sensible and reasonable interpretation of § 109(g)(2). Therefore, immediately upon presentation of evidence of the Debtors' voluntary surrender of their interest in their residence to the mortgagee, an order will be entered granting the Debtors' motion to dismiss, without the bar to re-filing of § 109(g)(2).